FILED

UNITED STATES DISTRICT COURT
For The
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 NOV 27 P 1:37

CLERK US DISTRICT COURT
ALEXANDRIA. VIRGINIA

MOHAMED HADID,

    Plaintiff,

v.    Case No. 1:13-cv-1461 (LO/IDD)

SOTHEBY'S INC.,

    Defendant.

## COMPLAINT

The Plaintiff files this Complaint against Defendant, and as grounds for his Complaint, states as follows:

### PARTIES

1. The Plaintiff, Mohamed Hadid ("Hadid") is an adult resident of the state of California. Prior to its auction by the Defendant on November 14, 2013, Hadid was the owner of *Flowers That Bloom at Midnight* by Yayoi Kusama ("Sculpture").

2. Defendant, Sotheby's Inc., ("Sotheby's") is a corporation organized in accordance with the laws of the state of Delaware.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 USC § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

4. Venue is proper under 28 USC § 1391(b)(2) as Sotheby's has breached its agreement to send the proceeds of the sale of the Sculpture to Fairfax County, Virginia, which is within the jurisdiction of this Court.

## FACTUAL BACKGROUND

5. On July 4, 2013, Hadid purchased the Sculpture from Eduardo Moises ("Moises").

6. The Sculpture remained at property owned by Moises temporarily.

7. While the Sculpture was still located on Moises' property, Moises made arrangements to sell the property at an auction conducted by Sotheby's without the knowledge or permission of Hadid.

8. Hadid discovered that the Sculpture was set to be auctioned and contacted Sotheby's and Moises regarding the pending auction.

9. Hadid and Moises agreed to resolve their dispute in the following manner:

    a. Agreeing to allow Sotheby's to auction the Sculpture;

    b. Agreeing that there should be a Four Hundred Thousand Dollar ($400,000) reserve;

    c. Agreeing that if the Sculpture met the reserve and was sold, that any proceeds of the sale would be sent to the law firm of StahlZelloe, PC located in Fairfax, Virginia; and

    d. Agreeing that StahlZelloe, PC would distribute the funds in accordance with the agreement between Hadid and Moises.

10. By email dated November 12, 2013, Aimee Scillieri, Associate General Counsel for Sotheby's, acknowledged receipt of the agreement reached by Hadid and Moises and agreed to move forward pursuant to the conditions recited in the email attached as Exhibit 1.

11. Upon information and belief, the Sculpture sold on November 14, 2013, for Five Hundred Fifty-One Thousand Dollars ($551,000).

12. On or about November 21, 2013, Hadid was informed that Sotheby's would not honor the agreement under which Hadid agreed to sell the Sculpture and would not transfer the proceeds of the sale of the Sculpture to StahlZelloe, PC.

## COUNT ONE: BREACH OF CONTRACT

13. Plaintiff incorporates Paragraphs numbered 1 though 12 of his Complaint as if more fully stated herein.

14. Defendant Sotheby's entered into a contract whereby it agreed to sell Hadid's sculpture under specific terms which it accepted and consented to as evidenced by Exhibit 1.

15. Hadid relied upon the representations of Sotheby's counsel that it would perform its obligations and send the sale proceeds to StahlZelloe, PC.

16. As a result of Sotheby's breach of its obligations, Hadid has lost his sculpture and has been damaged in an amount not less than Five Hundred Fifty-One Thousand Dollars ($551,000).

WHEREFORE, Plaintiff demands a trial by jury and requests that he be awarded a judgment against Defendant Sotheby's, Inc., in the amount of not less than Five Hundred Fifty-One Thousand Dollars ($551,000), his costs in prosecuting this action and for such other and further relief as this Court deems appropriate.

## COUNT TWO: INJUNCTIVE RELIEF

17. Plaintiff incorporates Paragraphs numbered 1 though 16 of his Complaint as if more fully stated herein.

18. Upon information and belief, Sotheby's intends to distribute the funds of the sale to someone other than StahlZelloe, PC.

19. Should the funds be distributed to someone other than Hadid he will suffer immediate and irreparable injury as he will have lost both ownership of the Sculpture and the proceeds of the sale.

20. Sotheby's should be enjoined from distributing the funds of the sale of the Sculpture to someone other than StahlZelloe, PC, pending the outcome of this case.

WHEREFORE, Plaintiff requests that this Court enter an injunction pursuant to the Rule 65 of the Federal Rules of Civil Procedure which precludes the Defendant from distributing the proceeds of the sale of the Sculpture to someone other than StahlZelloe, PC pending the outcome of this Case and for such other and further relief as this Court deems appropriate.

Respectfully submitted
MOHAMED HADID
By counsel

By: /s/ Warner Young, III
Warner Young, III, Esq. (VSB #24259)
wyoung@abhylaw.com
Matthew C. Indrisano, Esq. (VSB#66617)
mindrisano@abhylaw.com
Allred Bacon Halfhill & Young
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
(703) 352 1300
(703) 352 1301 (Fax)

and

James T. Zelloe, Esq. (VSB #24378)
j.zelloe@StahlZelloe.com
StahlZelloe, PC
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030
(703) 691-4940
(703) 691-4942 (Fax)

*Counsel for Plaintiff*